UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Bonnie L. Balderrama,
and other similarly situated individuals,

    Plaintiff,

v.

Mamasita Brickell, Inc. d/b/a
Alma Rosa Restaurant,
Carlos Chacin, and
Agustin Silva Diaz,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BONNIE L. BALDERRAMA, by and through the undersigned counsel, and hereby sues Defendants Mamasita Brickell, Inc. d/b/a Alma Rosa Restaurant, CARLOS CHACIN, and AGUSTIN SILVA DIAZ, individually, and alleges:

1. This is an action to recover monetary damages for unpaid minimum and overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff BONNIE L. BALDERRAMA is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Therefore, Plaintiff is a covered employee for purposes of the Act.

3. Defendant Mamasita Brickell, Inc. d/b/a Alma Rosa Restaurant (hereinafter ALMA ROSA RESTAURANT, or Corporate Defendant) is a Florida Corporation having a place of business in Miami-Dade County, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendants CARLOS CHACIN and AGUSTIN SILVA DIAZ are the owners/partners/officers and managers of Defendant Corporation ALMA ROSA RESTAURANT. These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant is a Mexican restaurant and bar located at 1250 S. Miami Avenue, Miami, Fl 33130, where Plaintiff worked.

8. The Employer, ALMA ROSA RESTAURANT, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant/bar with more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce by handling credit card transactions and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

10. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ employed Plaintiff BONNIE L. BALDERRAMA as a non-exempted, full-time waitress, from October 13, 2022, to December 15, 2022, or 9 weeks.

11. Plaintiff was a tipped employee earning $8.00 an hour plus tips.

12. During her employment with Defendants, Plaintiff worked a regular schedule of four days per week. Plaintiff worked from Monday to Thursday from 11:00 AM to 12:00 AM (13 hours daily). Plaintiff completed a minimum average of 52 working hours weekly.

13. Defendants required Plaintiff to clock in and out at lunchtime, but Plaintiff was not able to take bonafide lunchtime breaks.

14. Plaintiff worked 52 hours weekly, but she was paid for less than 40 regular hours, and she was not paid for overtime hours. as required by law.

15. In addition, Plaintiff was a tipped employee earning $8.00 an hour plus tips. However, Defendants retained part of Plaintiff's tips without a clear explanation. Thus, Defendants failed to establish a valid tip pooling agreement, and they are not entitled to use the benefits of Section 3 (m) by taking a tip credit towards its minimum wage obligation. Plaintiff must be paid the full minimum wage rate for every regular hour that she worked for Defendants.

16. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

17. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

19. Defendants also failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

20. On or about December 10, 2022, Plaintiff complained about missing payment for regular hours, non-payment for overtime hours, and missing tips.  As a response, chef AGUSTIN SILVA DIAZ confronted Plaintiff, disputed her requests, and admonished her.

21. On or about December 15, 2022, manager Santiago LNU fired Plaintiff using pretextual reasons.

22. At times mentioned, individual Defendants CARLOS CHACIN and AGUSTIN SILVA DIAZ were the owners/partners and directed operations of ALMA ROSA RESTAURANT. Defendants CARLOS CHACIN and AGUSTIN SILVA DIAZ were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of ALMA ROSA RESTAURANT concerning its employees, including Plaintiff and others similarly situated. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

23. Plaintiff seeks to recover minimum wages, overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

24. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

25. Plaintiff BONNIE L. BALDERRAMA re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ employed Plaintiff BONNIE L. BALDERRAMA as a non-exempted, full-time waitress, from October 13, 2022, to December 15, 2022, or 9 weeks.

27. Plaintiff was a tipped employee earning $8.00 an hour plus tips.

28. During her employment with Defendants, Plaintiff worked a regular schedule of four days per week. Plaintiff worked from Monday to Thursday from 11:00 AM to 12:00 AM (13 hours daily). Plaintiff completed a minimum average of 52 working hours weekly.

29. Defendants required Plaintiff to clock in and out at lunchtime, but Plaintiff was not able to take bonafide lunchtime breaks.

30. Plaintiff worked 52 hours weekly, but she was not paid for overtime hours. as required by law.

31. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

33. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

34. Plaintiff was fired on or about December 15, 2022.

35. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of the FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Accordingly, the Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

*Please note that this amount is based on a preliminary calculation that could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

   One Thousand Two Hundred Ninety-Three Dollars and 84/100 ($1,293.84)

   b. Calculation of such wages:

   Total weeks of employment:  9 weeks
   Total relevant number of weeks: 9 weeks
   Total hours worked: 52 hours weekly
   Total O/T hours worked: 12 hours weekly
   Regular rate: $8.00 an hour
   FL Min. wage rate: $10.00 an hour
   Regular rate: $10.00 an hour x 1.5=$15.00 O/T rate-$3.02 tip credit=$11.98
   O/T rate: $11.98 an hour

   $11.98 x 12 O/T hours: $143.76 weekly x 9 weeks=$1,293.84[1]

   c. Nature of wages (e.g., overtime or straight time):

   This amount represents unpaid overtime wages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ willfully and intentionally refused to pay Plaintiff BONNIE L. BALDERRAMA overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BONNIE L. BALDERRAMA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff BONNIE L. BALDERRAMA and other similarly situated and against the Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BONNIE L. BALDERRAMA and those similarly situated demand trial by a jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff BONNIE L. BALDERRAMA re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

44. This action is brought by Plaintiff BONNIE L. BALDERRAMA and those similarly situated to recover from the Employers ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ unpaid minimum wages, as well as an additional

amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. Defendant, ALMA ROSA RESTAURANT, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

46. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ employed Plaintiff BONNIE L. BALDERRAMA as a non-exempted, full-time waitress, from October 13, 2022, to December 15, 2022, or 9 weeks.

49. Plaintiff was a tipped employee earning $8.00 plus tips.

50. During her employment with Defendants, Plaintiff worked a regular schedule of four days per week. Plaintiff worked from Monday to Thursday from 11:00 AM to 12:00 AM (13 hours daily). Plaintiff completed a minimum average of 52 working hours weekly.

51. Defendants required Plaintiff to clock in and out at lunchtime, but Plaintiff was not able to take bonafide lunchtime breaks.

52. Plaintiff worked 52 hours weekly, but she was paid for less than 40 regular hours.

53. Plaintiff estimates that Defendants paid her an average of 35 hours per week. Plaintiff was not paid for an average of five hours per week at any rate, not even at the minimum wage rate.

54. There is a substantial number of working hours that were never paid to Plaintiff at any rate, not even at the minimum wage rate, as required by the Fair Labor Standards Act.

55. In addition, Plaintiff was a tipped employee earning $8.00 an hour plus tips. However, Defendants retained part of Plaintiff's tips without a clear explanation. Thus, Defendants failed to establish a valid tip pooling agreement, and they are not entitled to use the benefits of Section 3 (m) by taking a tip credit towards its minimum wage obligation. Plaintiff must be paid the full minimum wage rate for every regular hour that she worked for Defendants.

56. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

57. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

59. On or about December 15, 2022, Plaintiff was fired due to her complaints about missing regular hours and tips.

60. The records, if any, concerning the number of hours worked by Plaintiff BONNIE L. BALDERRAMA and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However,

Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Eighty Dollars and 00/100 ($1,080.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 9 weeks
   Relevant weeks of employment: 9 weeks
   Total number of hours worked: 52 hours
   Total number of unpaid hours: an average of 5 regular hours weekly
   Regular wage rate: $8.00 as a tipped employee
   Florida Min. wage rate 2022: $10.00-$8.00 rate paid=$2.00 Difference
   Difference Minimum wage: $2.00 an hour

   **1.- Minimum wage for 35 regular hours paid at $8.00 x 9 weeks**

   $2.00 x 35 regular hours= $70.00 weekly x 9 weeks=$630.00

   **2.- Minimum wages for 5 hours paid at $0.00 x 9 weeks**

   $10.00 x 5=$50.00 weekly x 9 weeks = $450.00

   Total #1, and #2: $1,080.00

   c. <u>Nature of wages:</u>

      This amount represents unpaid minimum wages at the Florida min. wage rate[2]

63. Defendants willfully and intentionally failed to pay Plaintiffs the statutory minimum wage as required by the laws of the United States as set forth above and remain owing her back wages. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of unpaid minimum wages as required by the Fair Labor Standards Act. Defendants had knowledge of the Plaintiffs' work schedule and the number of hours they worked.

64. Defendants knew or should have known of the work performed by Plaintiffs and their obligation to pay minimum wages to Plaintiffs. Defendants willfully and intentionally failed to pay Plaintiff minimum wages.

65. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiffs in the amount of the unpaid minimum wage compensation and an amount equal to the unpaid minimum wages as liquidated damages.

66. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

67. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

WHEREFORE, Plaintiff BONNIE L. BALDERRAMA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff BONNIE L. BALDERRAMA and against the Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BONNIE L. BALDERRAMA and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3); RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

68. Plaintiff BONNIE L. BALDERRAMA re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

69. Defendant, ALMA ROSA RESTAURANT, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

70. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

71. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

72. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

73. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

74. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ employed Plaintiff BONNIE L. BALDERRAMA as a non-exempted, full-time waitress, from October 13, 2022, to December 15, 2022, or 9 weeks.

75. Plaintiff was a tipped employee earning $8.00 an hour plus tips.

76. During her employment with Defendants, Plaintiff worked a regular schedule of four days per week with a minimum average of 52 working hours weekly.

77. Defendants required Plaintiff to clock in and out at lunchtime, but Plaintiff was not able to take bonafide lunchtime breaks.

78. Plaintiff worked 52 hours weekly, but she was paid for less than 40 regular hours. Plaintiff was paid for an average of 35 hours. In addition, Defendants retained part of Plaintiffs' tips for unknown reasons, and they are not entitled to use the benefits of Section 3 (m) by taking a tip credit towards its minimum wage obligation. Plaintiff must be paid the full minimum wage rate for every regular hour that she worked for Defendants.

79. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

80. Plaintiff clocked in and out following Defendants' instructions, and they could track the hours worked by Plaintiff and other similarly situated individuals.

81. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

82. Defendants also failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

83. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

84. Plaintiff disagreed with the regular unpaid hours, lack of payment for overtime hours, and missing tips.

85. On or about December 10, 2022, Plaintiff complained to Secretary Daniela LNU about missing payment for regular hours, non-payment for overtime hours, and missing tips. As a response, chef AGUSTIN SILVA DIAZ confronted Plaintiff, disputed her requests, and admonished her. AGUSTIN SILVA DIAZ stated that he did not have to explain anything to her.

86. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

87. However, on or about December 15, 2022, manager Santiago LNU fired Plaintiff using pretextual reasons.

88. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

89. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

90. Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ willfully and maliciously retaliated against Plaintiff BONNIE L. BALDERRAMA by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

91. Defendants' adverse actions against Plaintiff BONNIE L. BALDERRAMA were in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

92. Plaintiff BONNIE L. BALDERRAMA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff BONNIE L. BALDERRAMA respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff BONNIE L. BALDERRAMA by Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants ALMA ROSA RESTAURANT, CARLOS CHACIN, and AGUSTIN SILVA DIAZ, awarding Plaintiff BONNIE L. BALDERRAMA liquidated

damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff BONNIE L. BALDERRAMA demands a trial by a jury of all issues triable right by a jury.

Date: December 31, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*